IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kevin Tinsley,            )<br>                           )<br>    Plaintiff,          )<br>                           )<br>v.                         )<br>                           )<br>FCI Bennettsville; M. Snuggs; R.   )<br>McCoy; P. Parker a/k/a Gary Parker; )<br>L. Ostgard; Warden Drew; T.  )<br>McCoy,                     )<br>                           )<br>    Defendants.         )<br>_____ ) | Civil Action No.: 8:12-cv-00264-RBH<br><br>**ORDER** |

Plaintiff Kevin Tinsley, a federal prisoner proceeding *pro se*, initiated this action pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Defendant R. McCoy filed a motion to dismiss or, alternatively, for summary judgment, ECF No. 84, and the other above-captioned Defendants jointly filed a motion for summary judgment, ECF No. 60. Their motions are now before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Jacquelyn D. Austin.[1] The Magistrate Judge recommends granting Defendants' motions for summary judgment.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, who, during the times relevant to this action, was incarcerated in the Bennettsville Federal Correctional Institution, initiated this *Bivens* action on January 19, 2012, against the above-captioned Defendants, alleging numerous incidents of harassment and retaliation by Federal Bureau of Prisons ("BOP") officials.[2] Plaintiff seeks $100,000 from Ostgard, $50,000 from R. McCoy,

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

[2] Because the many allegations and convoluted procedural history were adequately detailed by the

$50,000 from Parker, and $50,000 from Snuggs. Plaintiff also asks that he be treated fairly, and he requests an investigation regarding his allegations and to be transferred to another facility. Amend. Compl., ECF No. 23.

On July 9, 2012, all Defendants but R. McCoy filed a motion for summary judgment, providing, in part, evidence that Plaintiff had failed to fully exhaust any administrative remedies for the claims raised in his complaint. Furthermore, Defendant R. McCoy, who had not been joined at the time of the first motion, subsequently filed a motion to dismiss or, alternatively, for summary judgment, raising the same arguments and supplementing the record with additional supporting evidence of Plaintiff's failure to exhaust. For each motion filed by Defendants, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and of the possible consequences if he failed to adequately respond to the motion. Plaintiff filed responses in opposition (along with additional attachments), ECF Nos. 64, 67, and Defendants replied, ECF No. 65.

The Magistrate Judge issued her R&R on January 24, 2013, recommending that the Court grant both motions for summary judgment. R&R, ECF No. 89. Plaintiff filed timely objections to the R&R on February 11, 2013. Pl.'s Objs., ECF No. 91.

### STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may

---

Magistrate Judge in her R&R, the Court, having incorporated the R&R, need not repeat them here. Suffice it to say that the alleged incidents were numerous yet irrelevant to the question of Plaintiff's proper exhaustion of his administrative remedies—the subject of the Magistrate Judge's recommendation.

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to her with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The Magistrate Judge recommends granting Defendants' motions for summary judgment, concluding that Plaintiff's *Bivens* claims against each Defendant were not properly exhausted administratively under the Prison Litigation Reform Act ("the PLRA"), 42 U.S.C. § 1997e, and BOP regulations. R&R 17. In his objections, Plaintiff largely rehashes his complaints of harassment by BOP officials. Pl.'s Objs. 1-4. The Court, however, may only consider objections to the R&R that direct it to a specific error. *See* Fed. R. Civ. P. 72(b); *United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendation." *Orpiano*, 687 F.2d at 47. Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for

adopting the recommendation. *Camby*, 718 F.2d at 199. However, because Plaintiff again notes that four of his grievance forms were hidden in a desk and not properly forwarded to the appropriate officials, the Court will review the Magistrate Judge's recommendation out of an abundance of caution.

The Magistrate Judge concludes that "Plaintiff did not complete the Administrative Remedy Program as to any claim he raises in this action prior to January 19, 2012 and, therefore, did not exhaust administrative remedies as to any of his claims." R&R 15. The PLRA requires "a prisoner confined in any jail, prison, or other correctional facility" to exhaust available administrative remedies before bringing an action under any federal law. 42 U.S.C. § 1997e(a). This provision applies to federal prisoners bringing actions pursuant to *Bivens*. *Hill v. O'Brien*, 387 F. App'x 396, 399 (4th Cir. 2010). Therefore, federal prisoners must adhere to BOP's internal grievance procedures prior to filing suit in federal court. As such, prisoners must pursue informal resolution, followed by appeals to institutional, regional, and national officials. 28 C.F.R. §§ 542.10-542.19; Administrative Remedy Program, Program Statement P1330.16, Fed. Bureau of Prisons (Dec. 31, 2007).

After reviewing Plaintiff's objections, the Court cannot find that he, in his responses to Defendants motions, has created a genuine dispute of any fact material to the exhaustion of administrative remedies issue raised by Defendants. Fed. R. Civ. P. 56(a), (e). Specifically, Plaintiff provides no evidence to dispute Defendants' showing that he failed to fully and properly appeal any of the grievances relevant to the claims in this action. Furthermore, the Magistrate Judge adequately addressed Plaintiff's allegation that BOP officials had hidden four of his grievance forms, concluding that "even if the[] four forms relate to incidents that are the subject of this ligation, Plaintiff could not have exhausted his claims prior to filing this action on January 19,

2012." R&R 16. Indeed, in their reply, Defendants confirmed Plaintiff's account that the four grievance forms were placed in a drawer for three months and returned to Plaintiff in June 2012 when they were found. ECF No. 65, at 1. But by Plaintiff's own account, he filed the four forms *after* this action was filed in January 2012. ECF No. 63, at 5-6, ECF No. 87, at 2-4. Accordingly, Plaintiff could not have completely exhausted his administrative remedies before this action was filed even if the four forms were properly forwarded. The Court, therefore, finds no genuine dispute of fact material to the issue of whether Plaintiff properly exhausted his administrative remedies under the PLRA, finds that the Magistrate Judge's recommendation is without error, and overrules Plaintiff's objections.

## CONCLUSION

The Court has thoroughly analyzed the entire record, including the complaint, the motions, the parties' briefs, the Magistrate Judge's R&R, objections to the R&R, and the applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** that Defendants' motions for summary judgment be **GRANTED** and that Plaintiff's complaint be **DISMISSED** *without prejudice*.

**IT IS SO ORDERED.**

                                              s/ R. Bryan Harwell
                                              R. Bryan Harwell
                                              United States District Judge

February 13, 2013
Florence, South Carolina